This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Bryan Myers v. Aspire Vape Co. d/b/a Affordable Vape

| Case Number | 42C01-2108-CT-000021 |
| --- | --- |
| Court | Knox Circuit Court |
| Type | CT - Civil Tort |
| Filed | 08/24/2021 |
| Status | 12/28/2021 , Decided |

## Parties to the Case

| Defendant | Aspire Vape Co. d/b/a Affordable Vape |
| --- | --- |

Plaintiff      Myers, Bryan

<u>Attorney</u>
Robert T. Dassow
*#1514564, Retained*

Hovde Dassow & Deets LLC
10201 N. Illinois St.
Ste: 500
Indianapolis, IN 46290
317-818-3100(W)

## Chronological Case Summary

| 08/24/2021 | **Case Opened as a New Filing** | |
| --- | --- | --- |

| 08/25/2021 | **Complaint/Equivalent Pleading Filed** | |
| --- | --- | --- |
| | Complaint for Damages and Demand for Jury Trial | |
| | Filed By: | Myers, Bryan |
| | File Stamp: | 08/24/2021 |

| 08/25/2021 | **Appearance Filed** | |
| --- | --- | --- |
| | Appearance | |
| | For Party: | Myers, Bryan |
| | File Stamp: | 08/24/2021 |

| 08/25/2021 | **Subpoena/Summons Filed** | |
| --- | --- | --- |
| | Aspire CA Summons | |
| | Filed By: | Myers, Bryan |
| | File Stamp: | 08/24/2021 |

| 08/25/2021 | **Subpoena/Summons Filed** | |
| --- | --- | --- |
| | Aspire IN Summons | |
| | Filed By: | Myers, Bryan |
| | File Stamp: | 08/24/2021 |

| 08/25/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Hohms Summons |
| | Filed By:                Myers, Bryan |
| | File Stamp:           08/24/2021 |

| 08/25/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Samsung Summons |
| | Filed By:                Myers, Bryan |
| | File Stamp:           08/24/2021 |

| 08/25/2021 | **Certificate of Service - separately filed** |
|---|---|
| | Certificate of Issuance of Summons |
| | Filed By:                Myers, Bryan |
| | File Stamp:           08/25/2021 |

| 10/19/2021 | **Motion Filed** |
|---|---|
| | Verified Petition for Temporary Admission |
| | Filed By:                Myers, Bryan |
| | File Stamp:           10/19/2021 |

| 11/16/2021 | **Order Issued** |
|---|---|
| | Court issues Order on Verified Petition for Temporary Admission of Angela Nehmens for Plaintiff. Distribution via electronically to Counsel of record. |
| | Judicial Officer:       Gilmore, Sherry B. Gregg |
| | Order Signed:        11/03/2021 |

| 11/17/2021 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Issued ---- 11/16/2021 : Robert T. Dassow |

| 11/18/2021 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Issued ---- 11/16/2021 : Robert T. Dassow |

| 12/23/2021 | **Motion Filed** |
|---|---|
| | Plaintiff's Voluntary Dismissal of Defendant Aspire Vape Co. d/b/a Affordable Vape |
| | Filed By:                Myers, Bryan |
| | File Stamp:           12/23/2021 |

| 01/05/2022 | **Order Granting Motion to Dismiss** |
|---|---|
| | Distribution via electronically to Counsel of record. Counsel to perfect service on all interested parties. |
| | Judicial Officer:       Gilmore, Sherry B. Gregg |
| | Order Signed:        12/28/2021 |

| 01/06/2022 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion to Dismiss ---- 1/5/2022 : Robert T. Dassow |

| 03/09/2022 | **Appearance Filed** |
|---|---|
| | Appearance for Samsung SDI Co., LTD |
| | For Party:              Samsung SDI CO., LTD |
| | File Stamp:           03/08/2022 |

| 03/09/2022 | **Motion for Enlargement of Time Filed** |
| --- | --- |

Samsung's Motion for Extension of Time

| Filed By: | Samsung SDI CO., LTD |
| --- | --- |
| File Stamp: | 03/08/2022 |

| 03/11/2022 | **Order Granting Motion for Enlargement of Time** |
| --- | --- |

Distribution via electronically to Counsel of record.

| Judicial Officer: | Gilmore, Sherry B. Gregg |
| --- | --- |
| Order Signed: | 03/10/2022 |

| 03/12/2022 | **Automated ENotice Issued to Parties** |
| --- | --- |

Order Granting Motion for Enlargement of Time ---- 3/11/2022 : Robert T. Dassow

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Myers, Bryan
Plaintiff

### Balance Due (as of 03/18/2022)
0.00

### Charge Summary

| Description | Amount | Credit | Payment |
| --- | --- | --- | --- |
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
| --- | --- | --- |
| 08/25/2021 | Transaction Assessment | 157.00 |
| 08/25/2021 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Filed: 8/24/2021 4:04 PM
Clerk
Knox County, Indiana

Knox Circuit Court

CIRCUIT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KNOX ~~SUPERIOR~~ COURT 1 |
| | ) SS: | **42C01-2108-CT-000021** |
| COUNTY OF KNOX | ) | CAUSE NO.: _____ |

| | |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD; HOHM TECH INC.; | ) |
| ASPIRE VAPE CO. d/b/a AFFORDABLE | ) |
| VAPOR; and does 1 Through 50 Inclusive, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff BD ("Plaintiff"), by and through his guardian ad litem, Benjamin Myers, counsel of record, brings this Complaint against Defendants Samsung SDI CO., LTD ("Samsung"), Hohm Tech Inc. ("Hohm"), Aspire Vape Co. d/b/a Affordable Vapor ("Aspire Vape"), and alleges the following:

## INTRODUCTION

1.       This action brought by Plaintiff arises from the injuries and damages he sustained on or around September 19, 2019, when lithium-ion batteries purchased by Plaintiff's step-father, Bryan Myers, from Defendant Aspire Vapes for use with his e-cigarette, spontaneously exploded in Plaintiff's pocket.

2.       Plaintiff was treated for second degree and third degree burns to his left leg and right hand at Riley Children's Burn Unit, 705 Riley Hospital Dr, Indianapolis, IN 46202.

3.       The subject lithium-ion batteries were purchased from Defendant Aspire Vapes by Plaintiff's step-father for use in his e-cigarette.

4.      The first subject lithium-ion battery that exploded was designed, manufactured, assembled, distributed, advertised, and/or otherwise placed into the stream of commerce by Defendant Samsung.

5.      The second subject lithium-ion battery that exploded was designed, manufactured, assembled, distributed, advertised, and/or otherwise placed into the stream of commerce by Defendant Hohm.

6.      Defendant Aspire advertised, marketed, distributed, and/or sold the lithium-ion battery that harmed Plaintiff.

7.      As a result of the explosion, Plaintiff suffered severe and permanent injuries.

8.      Defendants are directly liable for Plaintiff's injuries and damages.

## PARTIES

9.      At all relevant times, Plaintiff is and was domiciled in the States of Indiana and is a resident of Knox County, 413 Noble Street, Bicknell, Indiana 47512.

10.      At all relevant times, Defendant Aspire is and was a California corporation with its principal place of business located at 12228 Sherman Way, North Hollywood, CA 91605. Defendant Aspire is a vape and smoke shop located at 1903 Washington Ave, Vincennes, Indiana 47591, that advertises itself has have exceptional, specialized knowledge of vape products.

11.      At all relevant times Defendant Hohm is a California corporation with its principal place of business located at 1621 Arrow Hwy, Suite D, Irwindale, CA 91706.

12.      At all relevant times Defendant Samsung is a Korean corporation with its principal place of business located at 150-20, Gongse-Ro Giheung-Gu, Yongin-Si, Gyeonggi-Do, Korea.

13.      The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Does 1 through 50, inclusive, are unknown to Plaintiff who therefore

sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed and believes, and thereon allege, that each of the Defendants designated herein as a Doe was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

14.    Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, each of the Defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venture of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in the injury to Plaintiff and such defendants, as co-conspirators, are liable for the acts, or failures to acts, of other defendants.

15.    Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, each of the Defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venture of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in the injury to Plaintiff and such defendants, as co-conspirators, are liable for the acts, or failures to acts, of other defendants.

## **JURISDICTION AND VENUE**

16.      Subject matter jurisdiction is appropriate in this Court under IN Code s. 33-29-1.5-2 as this is a civil action seeking monetary damages in excess of $6,000.

17.      Personal jurisdiction as to Defendant Aspire Vapes is appropriate in this Court because of its purposeful, continuous, and systematic contacts with Indiana entities and the Indiana market including, but not limited to the following:

a.   Committing a tortious act within the States of Indiana by selling and delivering defective products to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers.  Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

b.   Conducting and engaging in substantial business and other activities in Indiana by selling products to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers.   Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

c.   Purposefully directing sales of its products, either directly or indirectly, to the States of Indiana with the intent and knowledge that said products would reach and be used by Indiana residents and consumers;

d.   At or about the time Plaintiff was injured, Defendant Aspire Vapes engaged in solicitation activities in Indiana to promote the sale, consumption, use, maintenance, and/or repair of its products;

e.   At all pertinent times, Aspire Vapes derived substantial revenue from the sale of its products in the State of Indiana; and

      f.   Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Indiana users or consumers.

18.    Personal jurisdiction as to Defendant Hohm is appropriate in this Court because Defendant Hohm because of its purposeful, continuous, and systematic contacts with Indiana entities and the Indiana market including, but not limited to the following:

      a.   Committing a tortious act within the States of Indiana by selling and delivering defective products to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers.  Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

      b.   Conducting and engaging in substantial business and other activities in Indiana by selling products to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers.   Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

      c.   Purposefully directing sales of its products, either directly or indirectly, to the States of Indiana with the intent and knowledge that said products would reach and be used by Indiana residents and consumers;

      d.   At or about the time Plaintiff was injured, Defendant Hohm engaged in solicitation activities in Indiana to promote the sale, consumption, use, maintenance, and/or repair of its products;

      e.   At all pertinent times, Hohm derived substantial revenue from the sale of its products in the State of Indiana; and

  f. Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Indiana users or consumers.

19. Personal jurisdiction as to Defendant Samsung is appropriate in the Court because of its purposeful, continuous, and systematic contacts with Indiana entities and the Indiana market including, but not limited to the following:

  a. Committing a tortious act within the States of Indiana by selling and delivering defective products to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers.  Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

  b. Conducting and engaging in substantial business and other activities in Indiana by selling products to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers.   Such products were used by consumers in Indiana in the ordinary course of commerce and trade;

  c. Purposefully directing sales of its products, either directly or indirectly, to the States of Indiana with the intent and knowledge that said products would reach and be used by Indiana residents and consumers;

  d. At or about the time Plaintiff was injured, Defendant Samsung engaged in solicitation activities in Indiana to promote the sale, consumption, use, maintenance, and/or repair of its products;

  e. At all pertinent times, Samsung derived substantial revenue from the sale of its products in the State of Indiana; and

    f.   Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Indiana users or consumers.

20.    Venue is appropriate in this Court pursuant to Indian Rules of Trial Procedure, Rule 75(A), as this is judicial district in which Plaintiff resides, and resided at all relevant times hereto, as well as the district in which the incident giving rise to this suit occurred.

## STATEMENT OF FACTS

**E-Cigarettes**

21.    E-cigarettes, which are also known as e-cigs, vapes, vape pens, and mods (customizable, more powerful vaporizers) are battery operated devices that deliver nicotine through flavoring and other chemicals to users in the form of vapor instead of smoke.[1]  They were first patented in 2003 and have been available for sale in the United States since 2007.[2]

22.    E-cigarettes are designed to simulate the act of smoking traditional tobacco, allegedly with less of the toxic chemicals produced by the burning of tobacco leaves and other chemicals contained in traditional, combustible cigarettes.[3]  E-cigarettes offer doses of nicotine with a vaporized solution, often referred to as "juice," "e-liquid," or "pods," providing a physical sensation similar to tobacco smoke.

23.    Generally, electronic cigarettes operate the same way regardless of the model in that they typically consist of at least three (3) component parts: a tank, a battery that works to heat the juices or e-liquid contained in the tank, and an atomizer that converts the liquid into vapor that the user inhales.

---

[1] *See generally*, *Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.
[2] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017 available at https://www.usfa.fema.gov/downloads/pdf/publications/electronic_cigarettes.pdf
[3] *See generally*, *Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.

24.    E-cigarettes differ from traditional cigarettes in a critical way:  the e-cigarette is battery-operated and uses a heating element to produce vapor, and the traditional cigarette has no electronic component.   While both products may produce a similar physical sensation, e-cigarettes pose an additional danger - the battery-powered heating element, as well as the battery itself - that can and have caused explosions, fires, and serious injury.

25.    E-cigarettes are more dangerous than other products that contain lithium batteries because the e-cigarette is most often designed as a cylindrical device, requiring a lithium-ion battery of a similar shape.  When the device malfunctions or fails, the battery can be shot out like a bullet or rocket.[4]

26.    At least two deaths have been reported in relation to an exploding e-cigarette.[5]

27.    E-cigarettes have become increasingly popular.  They have been marketed as smoking-cessation aids and as a healthier alternative to traditional tobacco cigarettes.  The selection of products has grown at an extremely rapid rate.

28.    Since their introduction into the United States, sales have risen dramatically from approximately $20 million in 2008 to $2.5 billion in 2012.  Industry experts predict the e-cigarette industry will become an $85 billion business within a decade and surpass the tobacco industry.[6]

29.    Until recently, e-cigarette marketing has been unfettered and unregulated. Whereas tobacco advertisements have been banned on radio and television for more than 40 years, no such restrictions have been instituted in the e-cigarette arena.  Manufacturers, distributors, and sellers of e-cigarettes therefore reach a broader consumer base than the tobacco industry and have the freedom to utilize the same marketing tactics previously employed by big tobacco.  Namely, to tout the supposed health benefits of their products absent scientific and medical data to support such claims; to portray e-cigarette smoking as a harmless pastime on

---

[4] United States Fire Administration, *Electronic Cigarette Fires and Explosions*, October 2012, at p. 5.
[5] *See* https://www.washingtonpost.com/health/2019/02/05/vape-pen-kills-man-after-exploding-his-mouth/.
[6] Clarke, T., *Reports of E-Cigarette Injury Jump Amid Rising Popularity, United States Data Show*, Reuters.com, April 17, 2012.

TV, radio, and in print; capitalize on individuals already addicted to nicotine; and/or encourage nicotine newcomers (mainly youths and young adults) to pick up the habit.

30.     Despite advertisements that represent e-cigarettes as a healthier alternative to traditional cigarettes, various articles have concluded that the long-lasting effects of smoking e-cigarette devices are unknown.[7]

31.     In 2017, the United States Fire Administration characterized the "combination of an electronic cigarette and a lithium-ion battery" as a "new and unique hazard" because there is "no analogy among consumer products to the risk of a severe, acute injury presented by an e-cigarette."[8]

32.     Defendant Samsung put on notice in 2017 following the first lawsuit against this Defendant stemming from an e-cigarette explosion. It took until 2019 for Defendant Samsung SDI Co. Ltd. to include warnings on the batteries themselves, therefore failing to protect its customers.

**The Injury**

33.     Plaintiff's stepfather purchased the Subject Batteries from Defendant Aspire Vapor.

34.     On or around September 19, 2019, Plaintiff had the two subject batteries in his pocket to give to his step-father for use in his vape device.

35.     Suddenly, and without warning, the subject batteries exploded, and sparks shot our of Plaintiff's left front pocket.

36.     After Plaintiff the flames that that engulfed Plaintiff's body were extinguished, his grandfather took him to went to the emergency room at Riley Children's Burn Unit in

---

[7] *See e.g.* National Academies of Sciences, Engineering, and Medicine, *Public Health Consequences of E-Cigarettes*, Washington, DC: The National Academies Press, 2018 (characterizing the use of e-cigarettes on public health as "unknown" and conclusively determining e-cigarette smokers are exposed to potentially toxic substances in addition to nicotine).

[8] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017.

Indianapolis, Indiana.  He was evaluated and treated for second and third degree burns to his left leg.

37.     Plaintiff's treatment included skin grafts and he was hospitalized for three weeks.

38.     As a result of the explosion, Plaintiff has prominent and permanent scars on his right thigh and ankle that serve as a constant reminder of this painful incident. Plaintiff is left physically and emotionally scarred from the burns.

## CLAIMS FOR RELIEF

### Count One – Strict Liability for Defective Design and Manufacture
### (Against Defendant Samsung and Hohm)

1.     Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

2.     At all times material hereto, Defendants were engaged in the business of selling, manufacturing, fabricating, designing, assembling, distributing, inspecting, warranting, leasing, renting, retailing, wholesaling, or advertising electronic cigarette products, including but not limited to lithium-ion batteries.

3.     Defendants knew or reasonably should have known that consumers would use the lithium-ion with e-cigarettes, and that consumers would keep said battery close to their person, next or immediately adjacent to other lithium-ion power cells, in some manner, as Plaintiff did here.

4.     Defendants manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold rechargeable subject lithium-ion batteries with defects in both the design, inspection, manufacturing and distribution, which made it dangerous, hazardous and unsafe for its intended use. The design, manufacturing and distribution defects in the subject

lithium-ion batteries caused them to explode and/or to catch on fire in the course of their intended use.

5.      Defendants failed to warn the public and consumers of the dangers in the foreseeable and intended use of their lithium-ion batteries, including the subject batteries.

6.      The subject batteries contained a design and/or manufacturing when they were introduced into the stream of commerce by the LG Chem.

7.      The subject batteries were unsafe for thier intended use due to a design and/or manufacturing, and they failed to perform as safely as an ordinary customer would expect when used in an intended and foreseeable manner.

8.      The risk of danger in the design of the subject batteries outweighed any benefits and safer alternative designs were available at the time of design and manufacture. Therefore, the subject batteries presented a substantial and unreasonable risk of serious injury to the users of said products, or those in the vicinity of said products.

9.      The subject batteries were unsafe to an extent beyond that which a normal user would contemplate.

10.     As a direct and proximate result of the defects in the Companion Battery, Plaintiff suffered severe personal injuries.

### Count Two – Failure to Warn
### (Against All Defendants)

11.     Plaintiff referrers to each and every preceding paragraph and incorporates those paragraphs as though fully stated herein.

12.     Defendants knew or should have known that the Subject Battery would be used in the manner used by Plaintiff in 2019.

13.     In manufacturing, designing, researching, testing, labeling, selling, distributing, advertising, promoting, marketing, servicing, and/or supplying the subject batteries, Defendants did so in conscious disregard for the safety of the users and consumers of said products, as well as bystanders and others who would foreseeably come into contact with said products, like Plaintiff.

14.     Upon information and belief, Defendants had specific prior knowledge that there was a high risk of injury or death resulting from the use of said products.

15.     Defendants were aware that ultimate users and consumers of e-cigarettes and related products had no knowledge or information indicating that E-Cig Products, including the Subject Batteries, had a high risk of injury or death when used in a reasonably foreseeable and intended manner.

16.     Defendant knew that ultimate users and consumers of the Subject Battery would and did assume it was safe, and that such end users would not have recognized the inherent risks, or had the ability and the requisite knowledge to inspect the Subject Batteries for defects and dangers.

17.     Upon information and belief, Defendants failed to warn consumers of said risks, and fraudulently, knowingly, consciously, and actively concealed and suppressed said knowledge from users, consumers, and other members of the general public, including Plaintiff in the following ways:

   a.  Defendants never warned Plaintiff's stepfather that the Subject Batteries had the propensity to explode or violently fail during its foreseeable and expected use;

   b.  Defendants never warned Plaintiff's stepfather that the Subject Batteries were not designed to be used with e-cigarettes or personal vaping devices;

   c.  Defendants never warned Plaintiff's stepfather that the Subject Batteries lacked critical safety components that are regularly incorporated into other similar batteries.

18.     Upon information and belief, the aforementioned conduct of Defendants were motivated by the financial interests in the ongoing manufacture, design, marketing, advertising,

distribution, supply and/or sale of said products.    In pursuance of said financial motivation, Defendants consciously disregarded the safety of ultimate users and consumers of said products.

19.    Defendant's failure of the above referenced known defects and dangers of the Subject Batteries were the proximate cause of the Plaintiff's injuries and damages.

20.    The above referenced conduct of Defendants was and is willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of purchasers, users and consumers of said products, including Plaintiff.  Plaintiff, for the sake of example, and by way of punishing Defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as set forth herein.

**Count Three – Negligence**

**(Against All Defendants)**

21.    Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as if fully stated herein.

22.    Upon information and belief, and at all times herein mentioned, Defendants negligently, recklessly, and carelessly designed, manufactured, assembled, distributed, sold, inspected, warranted, labeled, marketed, and/or advertised the Subject Batteries, and knew or should have known that the Subject Batteries were dangerous and unsafe for its intended and/or reasonably foreseeable use.

23.    Defendants owed a duty to its ultimate users and consumers of e-cig products, including Plaintiff, to exercise reasonable care in the design, manufacture, marketing, advertising, inspection, distribution and/or sale of the Subject Batteries to ensure that the Subject Batteries was safe for their intended and/or reasonably foreseeable use.

24.     Defendants knew, or in the exercise of due care should have known that the Subject Batteries would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to ultimate users, such as Plaintiff.

25.     Defendants were under a duty to properly and adequately design, manufacture instruct, warn and/or sell the Subject Batteries in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Plaintiff.

26.     Defendants failed to exercise the amount of care in the design, manufacture, inspection, distribution, and sale of the Subject Batteries that a reasonably careful manufacturer, distributor, supplier, or seller would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm.

27.     Defendants knew or reasonably should have known that the Subject Batteries were dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.   Defendants knew or reasonably should have known that ordinary users, such as Plaintiff's stepfather, would not realize the hazards and risks posed by the Subject Batteries.

28.     Upon information and belief, at the time of the incident, Plaintiff and Plaintiff's stepfather were not aware that the Subject Batteries presented any risk of injury to him and had not been advised or informed by anyone that the Subject Batteries could explode or otherwise pose a risk to his health and safety.

29.     Defendants failed to adequately warn purchasers, consumers, and end users, including Plaintiff and Plaintiff's stepfather, about the severe hazards posed by the Subject Batteries   and/or instructed on the safe use of such products.   A reasonable manufacturer, designer, distributor, supplier, or seller under the same or similar circumstances would have warned of the dangers posed by the Subject Batteries or instructed on the safe use of the Subject Batteries.

30.    Defendants negligently provided incorrect and/or inadequate recommendations, advice, and instruction to Plaintiff regarding the combination and compatibility of the Subject Batteries and their use in e-cigarette devices.

31.    As a proximate and direct result Defendants' negligence, Plaintiff sustained personal injuries resulting in physical and emotional pain and suffering, medical expenses, past and future, for the treatment of his injuries, and other general and special damages.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as set forth herein.

### Count Four– Breach of Implied Warranty of Merchantability
### (Against All Defendants)

32.    Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs by reference as though fully stated herein.

33.    Defendants impliedly warranted that the Subject Batteries were safe and effective for its intended and/or foreseeable use.

34.    Defendants breached its implied warranty that the Subject Batteries were merchantable in the following particulars:

      a.   The Subject Batteries wer unfit for the ordinary purpose for which it was sold; to use with an e-cigarette or vape device; and

      b.   The Subject Batteries failed to conform to the promise or affirmations of merchantability made by Defendants at the time of sale to Plaintiff.

Said breaches are based upon the facts as previously alleged herein.

35.    As a proximate and direct result of said breach of Defendants' implied warranty when it sold the Subject Batteries to Plaintiff's stepfather, Plaintiff sustained personal injuries resulting in physical and emotional pain and suffering, medical expenses, past and future, for the treatment of his injuries, and other general and special damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth herein.

Dated: August 24, 2021                    Respectfully submitted,


                                          HOVDE DASSOW + DEETS, LLC
                                          LEVIN SIMES ABRAMS, LLP


                                          By: */s/Robert T. Dassow*
                                          Robert T. Dassow, Esq.
                                          HOVDE DASSOW + DEETS, LLC
                                          Meridian Tower| 10201 N. Illinois Street
                                          Suite 500| Indianapolis, IN  46290
                                          Telephone:  (317) 818-3100
                                          Facsimile:  (317) 818-3111
                                          Email:  rdassow@hovdelaw.com

                                          Angela J. Nehmens, Esq.
                                          Samira J. Bokaie, Esq.
                                          Levin Simes Abrams LLP
                                          1700 Montgomery Street, Suite 250
                                          San Francisco, CA 94111
                                          Phone: (415) 426-3000
                                          Facsimile: (415) 426-3001
                                          anehmens@levinsimes.com
                                          Sbokaie@levinsimes.com
                                          *To be admitted Pro Hac Vice*


                                          *Attorneys for Plaintiff*

STATE OF INDIANA    )
                   ) SS:
COUNTY OF KNOX   )

IN THE KNOX SUPERIOR COURT 1

**42C01-2108-CT-000021**

CAUSE NO.: _____

BD, a minor GAL BRYAN MYERS,     )
                                     )
      Plaintiff,                 )
                                     )
v.                                           )
                                   )
SAMSUNG SDI CO., LTD; HOHM TECH INC.;  )
ASPIRE VAPE CO. d/b/a AFFORDABLE      )
VAPOR; and does 1 Through 50 Inclusive,    )
                                   )
      Defendants.               )

## APPEARANCE FORM (CIVIL)
### Initiating Party

1.     Name of first initiating party: **Robert T. Dassow**

2.     Telephone of *pro se* responding party:   **N/A**

3.     Attorney information:

> **Robert T. Dassow, #15145-64**
> **HOVDE DASSOW & DEETS LLC**
> **Meridian Tower, Suite 500**
> **10201 N. Illinois Street**
> **Indianapolis, Indiana 46290**
> **Telephone: 317-818-3100**
> **Fax: 317-818-3111**
> **Email: rdassow@hovdelaw.com**

4.   Case Type requested: **Tort**
5.   Will accept FAX service: **NO**
6.   Social Security number of all family members in proceedings involving support issues:  **N/A**
7.   Are there related cases? **NO**
8.   Additional information required by state or local rule: **NONE**

HOVDE DASSOW & DEETS

*/s/ Robert T. Dassow*
Robert T. Dassow, #15145-64
Attorney for Plaintiff

1

Knox Circuit Court                              CIRCUIT

| STATE OF INDIANA | ) | IN THE KNOX ~~SUPERIOR~~ COURT 1 |
|---|---|---|
| | ) SS: | |
| COUNTY OF KNOX | ) | CAUSE NO.: _____ |

**42C01-2108-CT-000021**

| | |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD; HOHM TECH INC.; | ) |
| ASPIRE VAPE CO. d/b/a AFFORDABLE | ) |
| VAPOR; and does 1 Through 50 Inclusive, | ) |
| | ) |
|     Defendants. | ) |


### SUMMONS

TO DEFENDANT: (Name)    Aspire Vape Co d/b/a Affordable Vapor
                         12228 Sherman Way
                         North Hollywood, CA  91605

     You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by you or your Attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

     If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____8/25/2021_____

                            _David Shelton_
                            Clerk, Knox County Courts

Robert T. Dassow, #15145-64
Charles A. Flynn, #36588-29
HOVDE DASSOW & DEETS LLC
Meridian Tower, Suite 500
10201 North Illinois Street
Indianapolis, IN 46290
317/818-3100

*KNOX COUNTY COURTS*
**SEAL**
*INDIANA*

The following manner of service of Summons is hereby designated:
    __X__    Registered or Certified Mail
    _____Service on individual at above address: County

CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____,2021, I mailed a copy of this Summons and a copy of the Complaint to the Defendant _____by _____mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____                    _____
                                                   Clerk, Knox County Courts

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the ____day of _____, 2021.
        1 hereby certify that the attached return receipt was received by me on the _____ day of_____, 2021, showing that the summons and a copy of the Complaint was returned not accepted;
        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____(age) _____on behalf of said Defendant on the _____day of _____,2021.

                                                   _____
                                                   Clerk, Knox County Courts

SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____                            _____
                                                   Signature of Defendant

RECEIPT OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:
(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____day of _____,2021.
(2) By leaving a copy of the Summons and a copy of the Complaint:
        a) at the dwelling place or usual place of abode of the Defendant
        b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed and the Summons, the last known address of the Defendant.

                                                   _____
                                                   Sheriff of Knox County, Indiana

By:_____

CIRCUIT

| STATE OF INDIANA | ) | IN THE KNOX SUPERIOR COURT 1 |
| COUNTY OF KNOX | ) SS: | CAUSE NO.: **42C01-2108-CT-000021** |
| | ) | |

| | |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD; HOHM TECH INC.; | ) |
| ASPIRE VAPE CO. d/b/a AFFORDABLE | ) |
| VAPOR; and does 1 Through 50 Inclusive, | ) |
| | ) |
| Defendants. | ) |

## SUMMONS

TO DEFENDANT: (Name)   Aspire Vape Co d/b/a Affordable Vapor
1903 Washington Ave.
Vincennes, IN  47591

     You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by you or your Attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

     If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated   8/25/2021 _____

_____
Clerk, Knox County Courts

Robert T. Dassow, #15145-64
Charles A. Flynn, #36588-29
HOVDE DASSOW & DEETS LLC
Meridian Tower, Suite 500
10201 North Illinois Street
Indianapolis, IN 46290
317/818-3100

The following manner of service of Summons is hereby designated:
   __X__   Registered or Certified Mail
   _____Service on individual at above address: County

KNOX COUNTY COURTS
SEAL
INDIANA

CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____,2021, I mailed a copy of this Summons and a copy of the Complaint to the Defendant _____ by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____                    _____
                                             Clerk, Knox County Courts

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the ____ day of _____, 2021.
        1 hereby certify that the attached return receipt was received by me on the _____ day of _____, 2021, showing that the summons and a copy of the Complaint was returned not accepted;
        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the _____ day of _____,2021.

                                             _____
                                             Clerk, Knox County Courts

SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____                       _____
                                             Signature of Defendant

RECEIPT OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:
(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____ day of _____,2021.
(2) By leaving a copy of the Summons and a copy of the Complaint:
        a) at the dwelling place or usual place of abode of the Defendant
        b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed and the Summons, the last known address of the Defendant.

                                             _____
                                             Sheriff of Knox County, Indiana

By:_____

Filed: 8/25/2021 4:04 PM
Clerk
Knox County, Indiana

Knox Circuit Court

CIRCUIT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KNOX SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF KNOX | ) | CAUSE NO.: **42C01-2108-CT-000021** |

BD, a minor GAL BRYAN MYERS,          )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )
                                      )
SAMSUNG SDI CO., LTD; HOHM TECH INC.; )
ASPIRE VAPE CO. d/b/a AFFORDABLE      )
VAPOR; and does 1 Through 50 Inclusive, )
                                      )
          Defendants.                 )


## SUMMONS

TO DEFENDANT: (Name)     Hohm Tech Inc.
                         1621 Arrow Hwy, Suite D
                         Irwindale, CA  91706


    You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

    An answer or other appropriate response in writing to the Complaint must be filed either by you or your Attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

    If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  8/25/2021

_____                    _____
                                             Clerk, Knox County Courts

Robert T. Dassow, #15145-64
Charles A. Flynn, #36588-29
HOVDE DASSOW & DEETS LLC
Meridian Tower, Suite 500
10201 North Illinois Street
Indianapolis, IN 46290
317/818-3100


The following manner of service of Summons is hereby designated:

   **X**   Registered or Certified Mail
       Service on individual at above address: County

CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____,2021, I mailed a copy of this Summons and a copy of the Complaint to the Defendant _____by _____mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____                     _____
                                                     Clerk, Knox County Courts

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the ____day of _____, 2021.
        1 hereby certify that the attached return receipt was received by me on the _____ day of_____, 2021, showing that the summons and a copy of the Complaint was returned not accepted;
        I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____(age) _____on behalf of said Defendant on the _____day of _____,2021.

                                                     _____
                                                     Clerk, Knox County Courts

SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____                             _____
                                                         Signature of Defendant

RECEIPT OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:
(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____day of _____,2021.
(2) By leaving a copy of the Summons and a copy of the Complaint:
        a) at the dwelling place or usual place of abode of the Defendant
        b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed and the Summons, the last known address of the Defendant.

                                                     _____
                                                     Sheriff of Knox County, Indiana

By:_____

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | CIRCUIT |
| | ) SS: | IN THE KNOX ~~SUPERIOR~~ COURT 1 | |
| COUNTY OF KNOX | ) | CAUSE NO.: **42C01-2108-CT-000021** | |

BD, a minor GAL BRYAN MYERS,            )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
SAMSUNG SDI CO., LTD; HOHM TECH INC.;   )
ASPIRE VAPE CO. d/b/a AFFORDABLE        )
VAPOR; and does 1 Through 50 Inclusive, )
                                        )
        Defendants.                     )


## SUMMONS

TO DEFENDANT: (Name)        Samsung SDI CO., LTD
                            150-20
                            Gongse-Ro Giheung-Gu
                            Youngin-Si
                            Gyeonggi-Do, Korea


     You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by you or your Attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

     If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____8/25/2021_____

_David Shelton_

Clerk, Knox County Courts

Robert T. Dassow, #15145-64
Charles A. Flynn, #36588-29
HOVDE DASSOW & DEETS LLC
Meridian Tower, Suite 500
10201 North Illinois Street
Indianapolis, IN 46290
317/818-3100

KNOX COUNTY COURTS
SEAL
INDIANA

The following manner of service of Summons is hereby designated:
   __X__   Registered or Certified Mail
   _____   Service on individual at above address: County

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of_____,2021, I mailed a copy of this Summons and a copy of the Complaint to the Defendant _____ by _____mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated _____

_____
Clerk, Knox County Courts

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the _____day of _____, 2021.

I hereby certify that the attached return receipt was received by me on the _____ day of_____, 2021, showing that the summons and a copy of the Complaint was returned not accepted;

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____(age) _____on behalf of said Defendant on the _____day of _____,2021.

_____
Clerk, Knox County Courts

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____

_____
Signature of Defendant

## RECEIPT OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:
(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____day of _____,2021.
(2) By leaving a copy of the Summons and a copy of the Complaint:
        a) at the dwelling place or usual place of abode of the Defendant
        b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed and the Summons, the last known address of the Defendant.

_____
Sheriff of Knox County, Indiana

By:_____

STATE OF INDIANA     )           IN THE KNOX CIRCUIT COURT 1
                   ) SS:
COUNTY OF KNOX       )           CAUSE NO.: 42C01-2108-CT-000021

|  |  |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD; HOHM TECH INC.; | ) |
| ASPIRE VAPE CO. d/b/a AFFORDABLE | ) |
| VAPOR; and does 1 Through 50 Inclusive, | ) |
| | ) |
|      Defendants. | ) |
| | ) |

## CERTIFICATE OF ISSUANCE OF SUMMONS

Plaintiff, Charles Hagedon, by counsel, hereby show the Court as follows:

1.     A *Complaint for Damages*, *Summons* and *Appearance by Attorney In Civil Case* were filed on August 24, 2021 and served by Certified Mail, Return Receipt Requested (9414 7266 9904 2130 3903 91) upon the Defendant, Aspire Vape Co d/b/a Affordable Vapor, 12228 Sherman Way, North Hollywood, CA 91605 on August 25, 2021.

2.     A *Complaint for Damages*, *Summons* and *Appearance by Attorney In Civil Case* were filed on August 24, 2021 and served by Certified Mail, Return Receipt Requested (9414 7266 9904 2163 3656 25) upon the Defendant, Aspire Vape Co d/b/a Affordable Vapor, 1903 Washington Ave., Vincennes, IN  47591 on August 25, 2021.

3.     A *Complaint for Damages*, *Summons* and *Appearance by Attorney In Civil Case* were filed on August 24, 2021 and served by Certified Mail, Return Receipt Requested (9414 7266 9904 2163 3656 32) upon the Defendant, Hohm Tech Inc., 1621 Arrow Hwy, Suite D, Irwindale, CA 91706 on August 25, 2021.

4.      A *Complaint for Damages*, *Summons* and *Appearance by Attorney In Civil Case* were filed on August 24, 2021 and served by International Priority Mail (Tracking No. UH038979825US) upon the Defendant, Samsung SDI CO., LTD, 150-20, Gongse-Ro Giheung-Gu, Youngin-Si, Gyeonggi-Do, Korea on August 25, 2021, 2021.

Respectfully submitted,

Hovde Dassow & Deets, LLC

By:      *s/Robert T. Dassow*
         Robert T. Dassow, #15145-64
         *Attorney for Plaintiff*

**HOVDE DASSOW & DEETS LLC**
10201 North Illinois Street
Suite 500
Indianapolis, IN  46290
(317) 818-3100/Fax: (317) 818-3111
rdassow@hovdelaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KNOX CIRCUIT COURT 1 |
| | ) SS: | |
| COUNTY OF KNOX | ) | CAUSE NO.: 42C01-2108-CT-000021 |

| | |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD; HOHM TECH INC.; | ) |
| ASPIRE VAPE CO. d/b/a AFFORDABLE | ) |
| VAPOR; and does 1 Through 50 Inclusive, | ) |
| | ) |
|      Defendants. | ) |
| | ) |

## VERIFIED PETITION FOR TEMPORARY ADMISSION

     Angela Nehmens ("Applicant") and Robert T. Dassow ("Co-Counsel") submit this Verified Petition for Temporary Admission pursuant to Indiana Supreme Court Rule 3(2)(a). Applicant is not a resident of the state of Indiana, regularly employed in the state of Indiana, or regularly engaged in business or professional activities in the state of Indiana. Co-Counsel is a member of this state and has appeared and agreed to act as co-counsel.

1.    Applicant is affiliated with the law firm of: Levin Simes Abrahms, LLP, 1700 Montgomery Street, Ste. 250, San Francisco, CA 94111

     Residential address: 16 Elizabeth Way, San Rafael, California 94901
     Phone (415) 426-3000; Facsimile: (415) 426-3001;
     Email address: anehmens@levineimes.com

2.    Applicant has been admitted to the following jurisdictions:

     State Bar of California (admitted: June 1, 2016)
     Bar Number: 309433

     State of Massachusetts (admitted: November 20, 2015)

     United States District Court Northern District of California (admitted: April 10, 2017)
     Bar Number: 309433

3.    Applicant is currently a member in good standing in the Bar of the Commonwealth of Massachusetts, the United States District Court Northern District of California, and the State of California.

4.  Applicant has never been suspended, disbarred or resigned as a result of a disciplinary charge, investigation, or proceeding from the practice of law in any jurisdiction.

5.  Applicant has no disciplinary proceeding presently pending from the practice of law in any jurisdiction.

6.  Applicant has appeared by application for temporary admission in this state in the matter styled *BD, a minor GAL Bryan Myers vs. Samsung SDI Co., et al.*

7.  Good cause for Applicant's appearance exists on the basis of attorney-client relationship and the complex field of law in which Applicant has experience.

8.  Applicant has read and will be bound by the Rules of Professional Conduct adopted by the Supreme Court, and Applicant consents to the jurisdiction of the State of Indiana, the Indiana Supreme Court, and the Indiana Supreme Court Disciplinary Commission to resolve any disciplinary matter that might arise as a result of the representation.

9.  Applicant has paid the registration fee to the Clerk of the Supreme Court in compliance with subdivision (a)(3) of this rule.  A copy of the payment receipt and temporary admission number issued by the Clerk of the Supreme Court is attached.

Applicant and Co-Counsel verify the accuracy and completeness of each of the above statements.

Dated:    10/19/2021
_____

HOVDE DASSOW & DEETS, LLC

By: _____
Robert T. Dassow, #15145-64
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46290
Telephone: (317) 818-3100
Facsimile: (317) 818-3111
rdassow@hovdelaw.com

*/s/ Angela J. Nehmens*
Angela J. Nehmens #309433
Levin Simes Abrahms, LLP
1700 Montgomery Street, Ste. 250
San Francisco, CA  94111
Telephone: (415) 426-3000
anehmens@levineimes.com

*Attorneys for Plaintiff*

# Temporary Admission Receipt

## Angela Nehmens (8108-95-TA)

**Firm:** Levin Simes Abrahms, LLP

**Phone:** (415) 426-3000
**Mobile:**

**Status Date:** 10/11/2021

**Business Address:**

**Fax:** (415) 426-3001

1700 Montgomery Street
Ste. 250
San Fancisco, California  94111

---

**Amount Paid:** $180.00

**Date Paid:** 10/11/2021

**For Year:** 2021

---

| Case Number | Start Date | Notice Return Date | End Date |
|---|---|---|---|
| 30D01-2106-CT-000923 | 10/11/2021 | | |
| 42C01-2108-CT-000021 | 10/11/2021 | | |

STATE OF INDIANA    )               IN THE KNOX CIRCUIT COURT 1
                          ) SS:
COUNTY OF KNOX     )                CAUSE NO.: 42C01-2108-CT-000021

BD, a minor GAL BRYAN MYERS,     )
                                 )
      Plaintiff,                 )
                                 )
v.                                  )
                                 )
SAMSUNG SDI CO., LTD; HOHM TECH INC.;  )
ASPIRE VAPE CO. d/b/a AFFORDABLE     )
VAPOR; and does 1 Through 50 Inclusive,     )
                                 )
      Defendants.              )

## ORDER ON VERIFIED PETITION FOR TEMPORARY ADMISSION OF ANGELA NEHMENS FOR PLAINTIFF

The Court, having considered the Verified Petition for Temporary Admission of Angela Nehmens, and noting that Robert T. Dassow has affirmed that she is a member in good standing of the State Bar of California, the State of Massachusetts, and the District of Columbia, now grants the request and orders that Angela Nehmens Gold be permitted to appear for Plaintiff in this matter, along with Robert T. Dassow as local counsel, as required under Admission and Discipline Rule 3.

Date: **November 3, 2021**

Judge, Knox ~~Superior~~ Court 1
Circuit
Hon. Sherry B. Gregg Gilmore

*Distribution to:*

Robert T. Dassow, Esq.
HOVDE DASSOW & DEETS, LLC
Meridian Tower
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46290

STATE OF INDIANA
COUNTY OF KNOX

IN THE KNOX CIRCUIT COURT

SS:

BD, a minor GAL Bryan Myers
                Plaintiff,

CAUSE No.: 42C01-2108-CT-000021

          v.

Samsung SDI Co., LTD; Hohm Tech
Inc.; Aspire Vape Co. d/b/a Affordable Vapor
and DOES 1 through 50 inclusive,
              Defendants.

## PLAINTIFF'S VOLUNTARY DISMISSAL OF DEFENDANT ASPIRE VAPE CO. d/b/a/ AFFORDABLE VAPOR

Pursuant to Indiana Trial Rule 41(A)(1), the Plaintiff, BD, a minor GAL Bryan Myers, by and through his attorney of record, Robert T. Dassow, hereby voluntarily dismisses defendant Aspire Vape Co. d/b/a Affordable Vapor from the above-captioned action with prejudice. The parties are to bear their costs and attorney's fees respectively.

By: */s/ Robert T. Dassow*
Robert T. Dassow, #15145-64
HOVDE DASSOW & DEETS, LLC
10201 N. Illinois Street, Suite 500
Indianapolis, IN 46290
Telephone: (317) 818-3100
Facsimile: (317) 818-3111
rdassow@hovdelaw.com

*/s/ Angela J. Nehmens*
Angela J. Nehmens #309433
LEVIN SIMES ABRAMS, LLP 1700
Montgomery Street, Ste. 250
San Francisco, CA  94111
Telephone: (415) 426-3000
anehmens@levineimes.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have caused this Statement to be served via the Court's e-file system on this the 23rd day of December, 2021, through the Court's e-serve system to the following counsel of record:

Bina Ghanaat
HUGO PARKER, LLP
250 Stockton Street, 8th Floor
San Francisco, CA  94108
bghanaat@hugoparker.com
*Attorney for Defendant*


<u>*s/Robert T. Dassow*</u>
Robert T. Dassow

STATE OF INDIANA
COUNTY OF KNOX

IN THE KNOX CIRCUIT COURT

SS:

BD, a minor GAL Bryan Myers
                Plaintiff,

CAUSE No.: 42C01-2108-CT-000021

           v.

Samsung SDI Co., LTD; Hohm Tech
Inc.; Aspire Vape Co. d/b/a Affordable Vapor
and DOES 1 through 50 inclusive,
                Defendants.

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

THIS matter having come before the Court on Plaintiff's Motion to Dismiss with Prejudice,

and the Court, being duly advised in the same, does GRANT said Motion.

IT IS THEREFORE ORDERED THAT the above-entitled cause should be dismissed, with

prejudice.

DATED: __December 28, 2021__

JUDGE, Knox Circuit Court
Hon. Sherry B. Gregg Gilmore

IN THE KNOX COUNTY CIRCUIT COURT

STATE OF INDIANA

| | | |
|---|---|---|
| BD, a minor GAL BRYAN MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  42C01-2108-CT-000021 |
| v. | ) | |
| | ) | |
| SAMSUNG SDI CO., LTD, HOHM TECH | ) | |
| INC. and DOES 1 THROUGH 50 | ) | |
| INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |

**APPEARANCE BY ATTORNEY IN CIVIL CASE**

**Party Classification:**  Initiating ___  Responding __X__  Intervening ____

1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**SAMSUNG SDI CO., LTD**

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Dina M. Cox | Attorney No. 18590-49 |
| Ronald Gilbert, III | Attorney No. 35530-49 |
| LEWIS WAGNER, LLP | Phone:  (317) 237-0500 |
| 1411 Roosevelt Avenue, Suite 102 | Fax:     (317) 630-2790 |
| Indianapolis IN 46201 | |
| dcox@lewiswagner.com | |
| rgilbert@lewiswagner.com | |

Each attorney specified on this appearance:

(a)      certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)      **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)      understands that he/she is solely responsible for keeping his/her Roll of

Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.   There are other party members: Yes ___ No __/__ *(If yes, list on continuation page.)*

4.   *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): __

5.   This case involves support issues. Yes ___ No __/__ *(If yes, supply social security numbers for all family members on continuation page.)*

6.   There are related cases: Yes ___ No __/__ *(If yes, list on continuation page.)*

7.   This form has been served on all other parties.  Certificate of Service is attached.
     Yes __/__ No ___

8.   Additional information required by local rule: _____N/A_____.


                                   LEWIS WAGNER, LLP


                                   *s/ Dina M. Cox*_____
                                   DINA M. COX, #18590-49
                                   RONALD GILBERT, III, # 35530-49
                                   ***Counsel for Defendant Samsung SDI Co., LTD***

2

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 8, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

<table>
<tr>
<td>

Robert T. Dassow
HOVDE DASSOW + DEBTS, LLC
10201 N. Illinois Street
Suite 500
Indianapolis, IN 46290
rdassow@hovdelaw.com
*Counsel for Plaintiff*

</td>
<td>

Angela J. Nehmens
Samira J. Bokaie
Levin Simes Abrams LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
anehmens@levinsimes.com
Sbokaie@levinsimes.com
*Counsel for Plaintiff*

</td>
</tr>
</table>

          *s/ Dina M. Cox*
          DINA M. COX

LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone: 317-237-0500
Facsimile: 317-630-2790
dcox@lewiswagner.com
rgilbert@lewiswagner.com

IN THE KNOX COUNTY CIRCUIT COURT

STATE OF INDIANA

| | |
|---|---|
| BD, a minor GAL BRYAN MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.:  42C01-2108-CT-000021 |
| v. | ) |
| | ) |
| SAMSUNG SDI CO., LTD, HOHM TECH | ) |
| INC. and DOES 1 THROUGH 50 | ) |
| INCLUSIVE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SAMSUNG SDI CO., LTD'S FIRST
MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING**

Defendant, Samsung SDI Co., LTD, by counsel, moves the Court for an enlargement of time of thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint, up to and including April 18, 2022; and, in support thereof, Defendant states as follows:

1.     On February 22, 2022, Defendant was served with Plaintiff's Complaint.

2.     Defendant has up to and including March 17, 2022, to answer or otherwise respond to Plaintiff's Complaint; and said time has not yet expired.

3.     The undersigned counsel for Defendant has only recently been retained and need additional time to review the facts, confer with their clients, and prepare an appropriate response.

4.     This extension does not interfere with any other deadlines.

5.     Counsel for Plaintiff has been contacted; but, as of the time of this filing, has not indicated whether he objects to this extension.

WHEREFORE, Defendant, Samsung SDI Co., LTD prays for an additional thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint, up to and including April 18, 2022, and for all other relief just and proper in the premises.

LEWIS WAGNER, LLP


*s/ Dina M. Cox*
DINA M. COX, #18590-49
RONALD GILBERT, III, # 35530-49
**Counsel for Defendant Samsung SDI Co., LTD**


## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

| | |
|---|---|
| Robert T. Dassow | Angela J. Nehmens |
| HOVDE DASSOW + DEBTS, LLC | Samira J. Bokaie |
| 10201 N. Illinois Street | Levin Simes Abrams LLP |
| Suite 500 | 1700 Montgomery Street, Suite 250 |
| Indianapolis, IN 46290 | San Francisco, CA 94111 |
| rdassow@hovdelaw.com | anehmens@levinsimes.com |
| *Counsel for Plaintiff* | Sbokaie@levinsimes.com |
| | *Counsel for Plaintiff* |


*s/ Dina M. Cox*
DINA M. COX


LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:      317-237-0500
Facsimile:      317-630-2790
dcox@lewiswagner.com
rgilbert@lewiswagner.com

IN THE KNOX COUNTY CIRCUIT COURT

STATE OF INDIANA

| | | |
|---|---|---|
| BD, a minor GAL BRYAN MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:   42C01-2108-CT-000021 |
| v. | ) | |
| | ) | |
| SAMSUNG SDI CO., LTD, HOHM TECH | ) | |
| INC. and DOES 1 THROUGH 50 | ) | |
| INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendant, Samsung SDI Co., LTD having filed its Motion for Enlargement of Time in which to respond to Plaintiff's Complaint; and, the Court, being duly advised, now GRANTS said Motion.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant is granted a period of time up to and including April 18, 2022, in which to answer or otherwise respond to Plaintiff's Complaint.

Dated: __March 10, 2022__

JUDGE, KNOX COUNTY CIRCUIT COURT
Hon. Sherry B. Gregg Gilmore

All Counsel of Record.