UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BD, a Minor, By and Through His Guardian Ad Litem, BRYAN MYERS, | )<br>)<br>) |
| Plaintiffs, | ) CASE NO.:  2:22-cv-107- MPB-MKK<br>) |
| v. | )<br>) |
| SAMSUNG SDI CO., LTD, | )<br>) |
| Defendants. | ) |

**DEFENDANT SAMSUNG SDI CO., LTD.'S MOTION TO STAY
ALL PROCEEDINGS AND DEADLINES PENDING
RESOLUTION OF SDI's CHALLENGE TO PERSONAL JURISDICTION**

Samsung SDI Co., Ltd. ("SDI"), by counsel, respectfully moves the Court to stay all proceedings and deadlines in this case pending the completion of jurisdictional discovery, completion of supplemental briefing on SDI's Motion to Dismiss, and the Court's ruling on the same. In support of this Motion, SDI states the following:

1.  On April 26, 2022, SDI moved to dismiss BD's claims for lack of personal jurisdiction and submitted its Brief in Support.[1]

2.  On September 30, 2022, the Court denied SDI's Motion to Dismiss,[2] and then on November 16, 2022, modified its order to add language from 28 U.S.C. § 1292(b) so that SDI could petition the United States Court of Appeals for the Seventh Circuit to accept SDI's appeal of the Court's denial of its Motion to Dismiss.[3]

---

[1] Docket Nos. 8 and 9, respectively.
[2] Docket No. 29.
[3] Docket No. 36.

3. On January 3, 2023, the Court of Appeals granted SDI permission to appeal the District Court's denial of its Motion to Dismiss.[4]

4. Meanwhile, and over SDI's respectful objection, this matter proceeded in the District Court. The parties have conducted discovery on the issue of liability and submitted briefing on summary judgment, and this matter is set for a settlement conference on June 3, 2024.[5]

5. On January 24, 2024, the Court of Appeals remanded this matter to the District Court for further discovery on the issue of whether this Court may exercise personal jurisdiction over SDI with respect to BD's claims.

6. It is possible (and, SDI contends, likely) that jurisdictional discovery will fail to reveal facts sufficient to permit the Court to exercise personal jurisdiction over SDI. For this reason, good cause exists to grant this Motion to Stay.

7. Proceeding with this case in the ordinary course when it is possible that jurisdictional discovery will fail to reveal facts sufficient to enable this Court to exercise personal jurisdiction over the sole remaining defendant would squander this Court's resources as well as the resources of the parties. *See Hill-Rom Servs. v. Tellisense Med.,* No. 1:17-cv-04725-WTL-MJD, 2019 U.S. Dist. LEXIS 234071, at *6 (S.D. Ind. May 10, 2019) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with ***economy of time and effort*** for itself, for counsel, and for litigants.") (internal citations omitted) (emphasis added).

8. Moreover, proceeding with this case in the ordinary course could potentially lead to the anomalous result of the Court entering a judgment against SDI when the Court may lack

---

[4] Docket No. 46.
[5] Docket No. 109.

personal jurisdiction over SDI.[6] *See DeBoard v. BH Urban Station, LLC*, No. 1:22-cv-02160-RLY-KMB, 2023 U.S. Dist. LEXIS 15810, at *2 (S.D. Ind. Jan. 30, 2023) ("a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, *jurisdiction*, or qualified immunity.") (internal citations omitted) (emphasis added); *Trinity Metals LLC v. Shred-Tech N. Am.*, No. 1:21-cv-02876-RLY-DML, 2022 U.S. Dist. LEXIS 237605, at *10 (S.D. Ind. Oct. 19, 2022) (granting motion to stay pending jurisdictional discovery on the basis that "[a] stay or substantial relaxation of discovery obligations is appropriate as to [Defendant] because it is a foreign company that apparently has no presence in the United States.").

9. Plaintiff has been contacted about this Motion to Stay and objects to the relief requested.

WHEREFORE, Defendant Samsung SDI Co., Ltd. respectfully moves the Court to stay these proceedings, including all deadlines and events, pending resolution of the question of personal jurisdiction. More specifically, SDI moves the Court to:

i. stay all proceedings and deadlines in this case at least until the parties have completed jurisdictional discovery, the parties have completed supplemental briefing on SDI's Motion to Dismiss, the Court has held oral argument (as it deems necessary) on the Motion to Dismiss, and the Court has ruled on the Motion to Dismiss;

ii. establish a schedule by which the parties shall complete jurisdictional discovery and submit supplemental briefing on SDI's Motion to Dismiss addressing any

---

[6] SDI denies that it is liable to BD and raises this hypothetical simply to illustrate an anomalous outcome that may occur if this matter proceeds to judgment before the Court has had the opportunity to fully address whether it has personal jurisdiction over SDI. The possibility of such an anomalous outcome underscores the necessity of staying this matter pending resolution of the jurisdictional issue.

           relevant evidence produced in jurisdictional discovery;[7] and,

iii.      grant SDI all other just and proper relief.

                                                Respectfully submitted,

                                               *s/ Dina M. Cox*
                                               DINA M. COX, #18590-49
                                               LEWIS WAGNER, LLP
                                               *Counsel for Defendant Samsung SDI Co., LTD*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2024, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Robert T. Dassow
HOVDE DASSOW + DEBTS, LLC
10201 N. Illinois Street
Suite 500
Indianapolis, IN 46290
rdassow@hovdelaw.com
*Counsel for Plaintiff*

Kristen Drake
Levin Simes Abrams LLP
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
kdrake@levinsimes.com
*Counsel for Plaintiff*

                                               *s/ Dina M. Cox*
                                               DINA M. COX

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:     317-630-2790
dcox@lewiswagner.com

---

[7] During the February 12, 2024 telephonic status conference, this Court referenced ***April 19, 2024*** as the deadline for the completion of jurisdiction-related discovery and ***May 3, 2024*** as SDI's deadline to file its Supplemental Motion to Dismiss based upon the lack of personal jurisdiction.